*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN
# COURT OF APPEALS

PEOPLE OF THE CITY OF WARREN,

        Plaintiff-Appellee,

v

NANCY HOOKS

        Defendant-Appellant.

UNPUBLISHED
February 4, 2021

No. 354019
Macomb Circuit Court
LC No. 2020-000153-AR

Before: K.F. KELLY, P.J., and STEPHENS and CAMERON, JJ.

CAMERON, J. (*concurring*).

I agree with the majority that the circumstances surrounding the defendant's 2012 and 2017 arrests are inadmissible under MRE 404(b). As the majority explains, the prosecution has failed to offer a relevant non-propensity purpose for their admission. I write separately to underscore this point, and to raise my concerns about the validity of one of the charges filed against defendant.

It is well understood that "other crimes, wrongs, or acts [are] not admissible to prove the character of a person in order to show action in conformity therewith." MRE 404(b)(1). But under certain circumstances, other-acts evidence may be admissible; the first step is to determine if the prosecution has offered the evidence for a relevant, non-propensity purpose.

The prosecutor argued to the trial court that defendant's prior conflicts with the police suggest that she was not at the scene to help or as an inquisitive neighbor, but she went to the scene with the "intention to harass and pick fights with the officers." In support of this theory, the prosecutor argued that defendant's prior run-ins with the police showed her *intent* in this case to hinder the police, defendant's *pattern* to hinder police, and that she *planned* to hinder the police.

Preliminarily, I note that the prior incidents are not as similar to this offense as the prosecution suggests. In the 2012 incident, defendant was arrested for disturbing the peace because she was loud, disruptive, and insulting to police officers when she voluntarily interjected herself into a police investigation involving someone she knew. In 2017, defendant was again arrested for disturbing the police, but this time it was because she was belligerent and uncooperative with the police who came to her house in response to a complaint about her unleashed dog. On this occasion, she was arrested at her home because she ignored police orders to stop causing a public disturbance, she insisted on talking to her neighbor who had made the

complaint, and she continued to insult the police who were on her property. The common thread linking these prior incidents is that on each occasion, defendant ignored police orders, she was argumentative and belligerent, she insulted the police, she made a public disturbance and was arrested for her unruly behavior.

The prior incidents do not adequately support the prosecution's theory that defendant's purpose of going to the scene was to harass and pick fights with the police officers. At most, one can reasonably infer that defendant has the character trait of intentionally disrespecting police officers whom she encounters while they are engaging in a criminal investigation. But defendant's propensity to disrespect police authority and to be unruly in connection with an on-going criminal investigation is the same conduct that the prosecution asserts justified her arrest in this case. This use of propensity evidence is expressly prohibited under MRE 404(b). Therefore, the trial court erred by granting the prosecutor's motion.

A more challenging question is whether the City of Warren's ordinance criminalizing "disobeying the lawful command of a police officer" is void for vagueness.

The Supreme Court has held that the Due Process Clause prohibits the Government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v US,* 576 US 591, 595; 135 S Ct 2551; 192 L Ed 2d 569 (2015) (citing *Kolender v Lawson,* 461 US 352, 357–358; 103 S Ct 1855; 75 L Ed 2d 903 (1983)). Criminal statutes must be defined "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender*, 461 US at 378.

Here, defendant was charged under Warren Code of Ordinances § 22-23, which states that "[n]o person shall refuse to obey the lawful command of any police officer[.]" But the ordinance does not define "lawful" or explain whether a citizen is required to have knowledge of the lawfulness of the order when the command is refused. Further, the ordinance does not define the term police "command" (that must be obeyed), as opposed to a police "request" that can be lawfully disobeyed without consequence.[1]

The validity of Warren Code of Ordinances § 22-23 was neither raised by the parties nor addressed by the trial court. In my opinion, the issue warrants a closer examination.

/s/ Thomas C. Cameron

---

[1] Although not relevant to the facts here, it is also unclear whether civilians must obey the command of off-duty police officers.